IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 05 CR 48-2 |
| | ) | |
| TRACY REDMOND | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Tracy Redmond has filed a motion for compassionate release under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to permit a court to reduce a defendant's sentence when there are "extraordinary and compelling reasons" warranting a reduction. In 2006, the Court sentenced Mr. Redmond to a prison term totaling 256 months—a little over twenty-one years—after a jury found him guilty of robbery, conspiracy to commit robbery, and using a firearm in connection with a crime of violence. Mr. Redmond is incarcerated at Oakdale I FCI, which is located in the state of Louisiana. He has served a little less than seventy-five percent of the prison term imposed by the Court. His anticipated release date is September 24, 2023. Mr. Redmond seeks a reduction of his sentence to time served based on the risks to his health posed by the coronavirus pandemic.

It is undisputed that Mr. Redmond has satisfied the statutory requirement to exhaust remedies within the Bureau of Prisons. The government also concedes that Mr. Redmond, who is forty-nine years old, meets the "extraordinary and compelling circumstances" argument. Specifically, records from the BOP reflect that Mr. Redmond

suffers from Type 2 diabetes and that he is obese, with a body mass index of 38.0. Each of these conditions is a factor that increases a person's risk of serious illness from contracting the coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last viewed Jan. 10, 2021). Mr. Redmond tested positive for coronavirus in April 2020 and did not suffer serious illness, but the Court cannot say that this renders him immune from reinfection, as there is some scientific evidence to the contrary. Finally, Oakdale I FCI has experienced a significant incidence of coronavirus infections among inmates, including seven who have died from coronavirus disease, though at present there are a relatively modest number of inmates who are testing positive. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2021).

The policy statements issued by the Sentencing Commission prior to the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Mr. Redmond as a basis for release. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); *cf. United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission in determining what constitutes an extraordinary and compelling reason warranting release).

This, however, does not automatically entitle Mr. Redmond to a sentence reduction. Before a court may reduce a sentence, it must consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). These include Mr. Redmond's history and characteristics; the nature and

circumstances of his crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Mr. Redmond; and providing him with any necessary services and treatment.

Mr. Redmond's crime was unusually serious. Along with others, Mr. Redmond planned and carried out an armed robbery of an armored car that was delivering currency to a bank. He recruited others to participate, including an employee of the bank. And when the robbery went down on October 29, 2004, Mr. Redmond was the one carrying the gun. He grabbed a guard who was holding a bag filled with $400,000 in currency, held a gun to the guard's neck, and demanded the bag. During a struggle in which Mr. Redmond took the bag of money, he shot the guard, three times, at close range.

And this was not the only serious crime that Mr. Redmond committed. Three weeks before the armored car robbery, a bank employee (who was also involved in the armored car robbery) gave him information about an elderly bank customer who regularly made large cash deposits. Mr. Redmond and another cohort stole $11,500 from this man on July 25, 2004 as he was on his way to the bank. Mr. Redmond also had several previous felony convictions, including a firearm possession offense, narcotics offenses, and a burglary that he committed while he was on parole. Mr. Redmond had served two prison terms before committing the armed robbery at issue in this case.

The amount of time served to date by Mr. Redmond does not adequately account for the seriousness of his offense; the Court concluded as much when it sentenced him

to a prison term totaling over twenty-one years. The Court acknowledges that Mr. Redmond's record while incarcerated has been positive and that he has a plan for reentry into the community following his release. However, in light of Mr. Redmond's extensive criminal history and the extraordinarily serious, violent crime that he committed in this case, the Court concludes that there is an ongoing need to protect the community. The Court finds that this, along with the need to provide just punishment for Mr. Redmond's crimes, outweighs the risk to Mr. Redmond from further exposure to the coronavirus. In short, the Court is not persuaded that consideration of the factors in 18 U.S.C. § 3553(a) warrants a reduction of Mr. Redmond's sentence.

## Conclusion

For the reasons stated above, the Court respectfully denies Mr. Redmond's motion for compassionate release [260]. Mr. Redmond's motion to proceed in forma pauperis [248] is moot.

Date: January 12, 2021

                                                                            _____
                                                                            MATTHEW F. KENNELLY
                                                                            United States District Judge